UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 DEC 31  AM 10: 09

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Felipe JASSO-Rios,<br><br>　　　　　　Defendant(s) | Magistrate Case No. 07 MJ 3012<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii)<br>Bringing in Illegal Aliens Without<br>Presentation |

The undersigned complainant, being duly sworn, states:

On or about **December 27, 2007**, within the Southern District of California, defendant **Felipe JASSO-Rios**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Salvador SALVADOR-Isquierdo, Jorge BANUELOS-Roman, Gaudencio BARRAGAN-Morales,** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **31st** DAY OF **DECEMBER, 2007**

_____
Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Felipe JASSO-Rios**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Salvador SALVADOR-Isquierdo, Jorge BANUELOS-Roman, and Gaudencio BARRAGAN-Morales** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On December 27, 2007 Border Patrol Agent D. Varley was assigned Border Patrol line watch duties in the Campo, California area of operations. At approximately 5:15 p.m., Agent Varley responded to a seismic intrusion activation in an area located approximately one mile north of the United States/Mexico International Border and ten miles east of the Tecate, California Port of Entry. This area is frequented by individuals attempting to further their entrance into the United States. Agent Varley was also notified at this time by Agent J. Lopez, who was operating an infrared scope, that there was a group of twenty individuals in the general area of the seismic activation.

Upon Agent Varley's arrival, the scope operator observed fifteen individuals attempting to conceal themselves in the surrounding brush while also observing five subjects moving away from the area in a southwestern direction. Agent Varley approached the group, identified him as a Border Patrol agent and questioned each individual as to their immigration status. All fifteen individuals admitted to being citizens and nationals of Mexico illegally present in the United States. At this time, Agent Varley along with other agents arrested the group and had them transported to the Campo station for processing. Using tracking techniques and the aid of the infrared scope operator, Agent Varley continued to follow the remaining five subjects.

The scope operator then alerted Agent Varley that the group of five had separated. After searching for the suspected illegal aliens, Agent Varley apprehended three of the individuals. Continuing to follow the last two subjects, Agent Varley met with Agent J. Conlin. Both agents followed the footprints towards a trailer. The scope operator continued to have visual of both subjects and directed the agents towards their location. When the agents neared the area, they encountered and apprehended one of the subjects, later determined to be a Mexican national illegally present in the United States.

Agent Conlin continued on to the trailer and observed the last subject, later identified as the defendant **Felipe JASSO-Rios,** attempting to conceal himself underneath the trailer. Agent Conlin identified himself as a U.S. Border Patrol Agent and told the defendant to come out. The defendant failed to comply and attempted to run but was soon apprehended by Agent Varley. The defendant was questioned as to his citizenship and immigration status. The defendant also freely admitted to a being citizen and national of Mexico illegally present in the United States. At approximately 8: 50 p.m., the defendant and the other subjects were arrested and transported to the Campo Border Patrol station for further processing.

**CONTINUATION OF COMPLAINT:**
Felipe JASSO-Rios

### DEFENDANT STATEMENT:

The defendant was advised of his Miranda Rights. The defendant stated that he understood his rights, and that he was willing to answer questions without a lawyer present. The defendant stated he was born in the city of San Felipe, Nayarit, Mexico. The defendant claims he does not have any immigration documents that would allow him to enter, work, or remain in the United States. The defendant admitted to previously being deported from the United States but does not remember how he came across that time. The defendant was going to Oceanside, California to work in the gardens.

### MATERIAL WITNESSES STATEMENTS:

The three material witnesses, Salvador SALVADOR-Isquierdo, Jorge BANUELOS-Roman and Gaudencio BARRAGAN-Morales, stated that they were citizens and nationals of Mexico present in the United States without any immigration documents allowing them to enter or remain in the United States legally. SALVADOR and BANUELOS stated that they made arrangements to be smuggled into the United States for sums ranging from $1500.00 to 2,500.00 (US). BARRAGAN stated an unknown amount was to be paid by a family member. All material witnesses stated that they made smuggling arrangements in Mexico to be guided into the United States illegally. They all stated that they crossed through the International Border fence on December 27, 2007.

All three material witnesses were shown a photographic line up during their interviews and were able to positively identify the defendant **Felipe JASSO-Rios**, as the person who guided them into the United States illegally.

Executed on December 29, 2007, at 9:30 A.M.

_____
Raul Castorena
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **December 27, 2007**, in violation of Title 8, United States Code, Section **1324**.

_____
Cathy A. Bencivengo
United States Magistrate Judge

12/29/07 @ 11:10 am
Date/Time